# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-324 (MTT) |
| | ) |
| Unit Manager CONLEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

Before the Court is the Recommendation of Magistrate Judge Charles H. Weigle. Doc. 32. The Magistrate Judge recommends granting the Respondents' motion to dismiss as moot the Petitioner's claim for writ of habeas corpus (Doc. 24) because the Petitioner is no longer in administrative segregation for disciplinary reasons. *Id.* The Magistrate Judge also recommends that the Court deny as moot the Respondents' motion to dismiss (Doc. 23) Samuel S. Olens as a party to this action. *Id.* The Petitioner has objected to the Recommendation. Docs. 35; 36; 37. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Petitioner's objections and has made a *de novo* determination of the portions of the Recommendation to which the Petitioner objects.

## I. BACKGROUND

Petitioner filed his first petition on August 21, 2017 in the United States District Court for the Southern District of Georgia. Doc. 1. He complained of a July 28, 2017 disciplinary hearing at Washington State Prison in which he was found not guilty of

assault. Doc. 1 at 1. The Southern District of Georgia transferred the action to this Court. Doc. 3. It was unclear whether Petitioner sought relief under 28 U.S.C. Section 2254 or sought to litigate civil rights violations, such as an alleged denial of due process or cruel and unusual punishment. Docs. 6 at 1-2; 7 at 1-2. The United States Magistrate Judge, therefore, ordered Petitioner to file a recast petition clarifying his claims and requested relief. Docs. 6; 7.

On November 6, 2017, Petitioner filed a recast petition for writ of habeas corpus. Doc. 9. In this petition, he made no mention of the July 28, 2017 disciplinary hearing. *See generally id.* Instead, he complained of an October 30, 2017 disciplinary hearing concerning a charge that he possessed a cell phone. *Id.* at 1. In that recast petition, he sought to be released from administrative segregation. *Id.* at 15. On November 16, 2017, Petitioner filed an amended habeas petition. Doc. 12. Again, he complained of the October 2017 disciplinary hearing and sought "immediate release from admin[istrative] seg[regation]." Doc. 12 at 15.

On January 18, 2018, the Magistrate Judge ordered Petitioner to "amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition." Doc. 16 at 2. Respondents were also ordered to respond to the petition and any amended petitions. *Id.* Petitioner did not file any amendments to his petition in response to the January 18, 2018 Order.

On March 13, 2018, Respondents filed two motions to dismiss. Docs. 23; 24. In the first, Respondents moved to dismiss former Georgia Attorney General Sam Olens

from the action. Doc. 23. Respondents argued that as former Attorney General, "Olens does not, did not and will not have custody of Petitioner." Doc. 23-1 at 3. In the second motion to dismiss, Respondents stated that Petitioner was moved to the general population at Washington State Prison and, therefore, his original and amended habeas petitions, which only sought removal from administrative segregation, were moot. Doc. 24-1 at 2-3. The Magistrate Judge ordered Petitioner to respond to the motion to dismiss. Doc. 26.

Petitioner filed a "Supplemental Objection and Motion for Expansion Time to Amend." Doc. 28. Petitioner complained that he "has not already received the relief he is entitled to due to future endangerment. . . ." *Id.* at 2. He complained of various medical conditions, an alleged lack of medical care for these conditions, and concern that he might be placed in segregation in the future because of a lack of bed space at Washington State Prison. *Id.* at 1-2. He did not, however, allege any type of collateral consequences, such as loss of good time credits, resulting from the disciplinary proceedings and placement in administrative segregation. *See generally id.*

Petitioner then filed a duplicative habeas petition that was construed as a motion to amend his already recast and amended habeas petition. Doc. 31. He inexplicably dated this petition November 20, 1970 and once again requested to be "released . . . within 24 [hours] and reassigned . . . to Dorm F1/Room 207B." *Id.* at 15. Again, he did not mention that he had suffered loss of good time credits or any other collateral consequences as a result of his confinement in administrative segregation. Finding this petition duplicative and that Petitioner had ample opportunity to plead his habeas case

by filing his initial petition, recast petition, and amended petition, the Magistrate Judge denied the motion to amend. Doc. 32.

Agreeing with Respondents' arguments, the Magistrate Judge recommended that Petitioner's habeas action be dismissed as moot because he was no longer in administrative segregation. *Id.* at 1-3. He also recommended denying as moot Respondents' motion to dismiss former Attorney General Sam Olens as an improper party. *Id.* Petitioner filed three Objections to the Magistrate Judge's Recommendation. Docs. 35; 36; 37.

## II. DISCUSSION

It was only after the Magistrate Judge issued the July 17, 2018 Recommendation that Petitioner first mentioned loss of good time credits. Doc. 35. In his objections, Petitioner argued for the first time that a loss of good time credits had negatively impacted his dorm assignment, his "close to home transfer," and the "program scheduling that was needed to meet the [Georgia Department of Corrections'] preferred recommendations and parole board assessments for early release." *Id.* at 4. Petitioner faulted the Magistrate Judge for saying "nothing" about these collateral consequences. *Id.* at 1. The Magistrate Judge said "nothing" because Petitioner never once alleged—not in his original petition, not in his recast petition, not in his amended petition, not in his "Supplemental Objection and Motion for Expansion Time to Amend," not in his petition that was filed in 5:17-CV-477 (CAR), and not in his petition that was filed in 5:17-CV-478 (TES)—that he would suffer any collateral consequences.

"A district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557

F.3d 1287, 1292 (11th Cir. 2009) (upholding the district court's decision in a § 2254 action to not consider a *pro se* petitioner's argument that was first raised in his objection to the magistrate judge's recommendation). "[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help relieve the workload of the district court." *Id.* (internal quotations marks and citation omitted).

Petitioner has had numerous opportunities to present his claims and arguments. Docs. 1; 9; 12. The Magistrate Judge allowed Petitioner to file a recast complaint and amended complaint. Docs. 9; 12. Furthermore, on January 18, 2018, Petitioner was ordered to "amend his petition to include every unalleged possible constitutional error or deprivation entitling him to habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his rights to complaint of any constitutional errors or deprivations. . . ." Doc. 16 at 2. Petitioner failed to amend his petition to add allegations regarding a loss of good time credits.

Petitioner has not explained why he could not have set forth his claims and arguments regarding loss of good time credits in any of the numerous petitions or motions he filed prior to the Magistrate Judge's Recommendation. Petitioner states his counselor told him on March 7, 2018 and May 9, 2018 that he lost his parole eligibility early release date and "close to home transfer." Doc. 35 at 5. Petitioner, therefore, knew of these alleged collateral consequences when his responded to the motion to dismiss, but he failed to mention this. Docs. 23; 24; 28. The Court declines to consider this evidence not previously presented to the Magistrate Judge.

## III. CONCLUSION

Given the fact that Petitioner had numerous opportunities to amend his § 2254 habeas petition and to respond to Respondent's motion to dismiss, the Court rejects Petitioner's belated attempts to raise arguments not previously made.  The Recommendation (Doc. 32) is **ADOPTED** and made the order of this Court.  Accordingly, Respondents' motion to dismiss (Doc. 24) is **GRANTED**, and Petitioner's habeas action is **DISMISSED as moot**.  Respondents' motion to dismiss Sam Olens as an improper party (Doc. 23) is also **DENIED as moot**.  Accordingly, the Petitioner's "Motion for Discovery and Objection to Disposition without Disclosures" (Doc. 38) is also **DENIED as moot**.

Further, Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Therefore, a certificate of appealability is **DENIED**.  Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 12th day of October, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT